IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | |
|---|---|
| KATHRYN S. PECKO, | ) |
| Plaintiff, | ) |
| | ) No. 9:19-cv-02295-DCN |
| vs. | ) |
| | ) **ORDER** |
| TARGET CORPORATION, | ) |
| Defendant. | ) |

The following matter is before the court on defendant Target Corporation's ("Target") motion for summary judgment, ECF No. 13. For the reasons set forth below, the court grants in part and denies in part the motion.

## I.   BACKGROUND

This premises liability case arises out of a trip-and-fall that occurred at a Target store in Bluffton, South Carolina. Plaintiff Kathryn S. Pecko ("Pecko") alleges that she was walking from the grocery section to the checkout area while carrying items for purchase in her hand. On her way, she turned right to enter an aisle and her left foot hit a stack of brown boxes, causing her to lose her balance and fall. According to Pecko, the boxes were not individual product or merchandise boxes but rather brownish tan, unmarked boxes that she believes were to be opened and stocked by Target employees. Pecko sustained various bodily injuries, including a compound fracture to her right leg, which required surgery.

On July 10, 2019, Pecko filed this action against Target, alleging negligence. ECF No. 1, Compl. On October 22, 2020, Target filed a motion for summary judgment. ECF No. 13. On November 9, 2020, Pecko responded in opposition. ECF No. 16. On

1

November 13, 2020, Pecko replied. ECF No. 17. As such, this motion has been fully briefed and is now ripe for review.

## II.  STANDARD

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "Rule 56(c) of the Federal Rules of Civil Procedure requires that the district court enter judgment against a party who, 'after adequate time for discovery . . . fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.'" Stone v. Liberty Mut. Ins. Co., 105 F.3d 188, 190 (4th Cir. 1997) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986)). Any reasonable inferences are to be drawn in favor of the nonmoving party. See Webster v. U.S. Dep't of Agric., 685 F.3d 411, 421 (4th Cir. 2012). To defeat summary judgment, the nonmoving party must identify an error of law or a genuine issue of disputed material fact. See Fed. R. Civ. P. 56(a); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986); see also Bouchat v. Balt. Ravens Football Club, Inc., 346 F.3d 514, 522 (4th Cir. 2003).

Although the court must draw all justifiable inferences in favor of the nonmoving party, the nonmoving party must rely on more than conclusory allegations, mere speculation, the building of one inference upon another, or the mere existence of a scintilla of evidence. See Anderson, 477 U.S. at 252; Stone, 105 F.3d at 191. Rather, "a party opposing a properly supported motion for summary judgment . . . must 'set forth specific facts showing that there is a genuine issue for trial.'" Bouchat, 346 F.3d at 522 (quoting Fed. R. Civ. P. 56(e) (2002) (amended 2010)). If the adverse party fails to

2

provide evidence establishing that the factfinder could reasonably decide in his favor, then summary judgment shall be entered "regardless of '[a]ny proof or evidentiary requirements imposed by the substantive law.'"  Id. (quoting Anderson, 477 U.S. at 248).

### III.   DISCUSSION

Target argues that summary judgment is warranted on Pecko's negligence claim and prayer for punitive damages.  The court addresses Target's arguments with respect to each in turn, finding summary judgment warranted only for punitive damages.

**A.  Negligence**

Target argues that the court should grant summary judgment on Pecko's negligence claim for three reasons.  First, Pecko has not established that the boxes were a hazard or dangerous condition.  Second, Pecko has not established that Target created or had actual or constructive knowledge of the dangerous condition.  Third, Target cannot be liable because the boxes were open and obvious.

Because this matter arises out of an accident that occurred in South Carolina, South Carolina law provides the substantive rules of decision in this diversity jurisdiction case.  Erie R.R. Co. v. Tompkins, 304 U.S. 64 (1938).  In order to prevail on a negligence claim in South Carolina, a plaintiff must establish that (1) the defendant owed the plaintiff a duty of care; (2) the defendant breached the duty; (3) the breach was an actual or proximate cause of the plaintiff's injury; and (4) the breach resulted in injury to the plaintiff.  Madison v. Babcock Ctr., Inc., 638 S.E.2d 650, 656 (S.C. 2006).  "Whether the law recognizes a particular duty is an issue of law to be determined by the court." Jackson v. Swordfish Inv., L.L.C., 620 S.E.2d 54, 56 (S.C. 2005).

Under South Carolina law, "[a] merchant is not an insurer of the safety of his customers but owes only the duty of exercising ordinary care to keep the premises in reasonably safe condition." Garvin v. Bi–Lo, Inc., 541 S.E.2d 831, 832 (S.C. 2001). "One who operates a mercantile establishment . . . must keep the aisles and passageways in a reasonably safe condition." Moore v. Levitre, 365 S.E.2d 730, 730 (S.C. 1988). "To recover damages for injuries caused by a dangerous or defective condition on a defendant's premises, a plaintiff 'must show either (1) that the injury was caused by a specific act of the respondent which created the dangerous condition; or (2) that the respondent had actual or constructive knowledge of the dangerous condition and failed to remedy it.'" Pringle v. SLR, Inc., of Summerton, 675 S.E.2d 783, 787 (S.C. Ct. App. 2009) (quoting Anderson v. Racetrac Petro., Inc., 371 S.E.2d 530, 531 (S.C. 1988)). When the business owner or its agents "created the condition at issue, the key question is whether [the customer] presented sufficient evidence to create an issue of fact as to whether this condition was indeed hazardous." Shain v. Leiserv, Inc., 493 S.E.2d 111, 112 (S.C. Ct. App. 1997).

1. **Dangerous Condition**

Target first argues that Pecko cannot establish that the boxes she allegedly tripped over presented a hazard or dangerous condition. Target contends that Pecko "has presented no evidence whatsoever that the boxes were somehow defective or dangerous." ECF No. 13 at 5. The court disagrees. Pecko testified that she tripped over a stack of unmarked brown boxes on the floor in the aisle walkway and that she did not see the boxes before tripping over them. A reasonable jury could credit Pecko's version of the facts and find that the stack of boxes in the walkway created a dangerous condition. See

Dietzen v. Aldi Inc., 870 N.Y.S.2d 189 (N.Y. 2008) (finding issue of fact as to whether a wooden pallet protruded into the aisle of the store and created a dangerous condition); Miller v. Safeway Stores, Inc., 346 P.2d 647 (Or. 1959) (holding that it was for a jury to decide whether the location of the boxes left in an aisle was particularly hazardous). Pecko also points to Target's "Sales Floor Training Guide" as evidence that leaving boxes in the aisle walkway creates a dangerous condition. See Caldwell v. K-Mart Corp., 410 S.E.2d 21, 24 (S.C. Ct. App. 1991) ("In negligence cases, internal policies or self-imposed rules are often admissible as relevant on the issue of failure to exercise due care."). That guide emphasizes that "it's important to maintain a clean and clear walkway" and asks employees to "make sure there is not garbage, boxes, and cardboard on the floor or blocking the aisles." ECF No. 16 at 7. It also asks that employees "make sure all cartons, pallets and equipment are off the sales floor before 8:00 a.m." Id. Viewing the facts and reasonable inferences therefrom in the favor of Pecko, Liberty Lobby, 477 U.S. at 255, the evidence is sufficient to preclude summary judgment.[1]

---

[1] Target cites Garvin v. Bi-Lo, Inc., 541 S.E.2d 831 (S.C. 2001) to support its assertion that the boxes were not a dangerous condition. In Garvin, the plaintiff alleged that she was injured when she reached to grab a box of canned items from the top of a stack taller than her and several cans fell and hit her face. There, the plaintiff only relied on evidence that "1) the cans were stacked in their original boxes at the end of an aisle, 2) the cans were stacked above [the plaintiff]'s height of 5'2″ tall, and 3) the cans were put on sale at four for one dollar." Id. at 833. The court found "[t]his evidence [] insufficient, as a matter of law, to demonstrate the store created a dangerous condition." Id. Specifically, the court required some evidence that the stack was either rickety or assembled in a manner that made the cans susceptible to falling. Here, on the other hand, Pecko alleges that the boxes she tripped over were stacked on the floor, low to the ground, out of shoppers' line of sight, and in the aisle walkway, all in violation of Target's policies. Thus, Pecko, unlike the plaintiff in Garvin, alleges that the boxes were stacked in a deficient manner. Therefore, the court finds the facts of this case sufficiently distinct from Garvin to warrant a different outcome.

### 2. Creation or Knowledge of Condition

Target next argues that Pecko "failed to prove that any specific act by [Target] caused her to fall, or that [Target] was on notice of a dangerous condition." ECF No. 13 at 6. Pecko argues only that Target created the condition and does not argue that Target had actual or construction notice. Specifically, Pecko argues that the boxes were Target's stocking boxes and that Target employees left those stocking boxes in the aisle. Target counters that Pecko has not presented any evidence to support such a conclusion, such that it is "mere speculation." ECF No. 17 at 1.

The court again finds that Pecko has presented sufficient evidence on this issue to preclude summary judgment. As already explained, in the context of this summary judgment motion, the court must "view[] all facts and reasonable inferences therefrom in the light most favorable to the nonmoving party." Balas v. Reveley, 734 F. App'x 201, 202 (4th Cir. 2018). Pecko testified that she tripped over five to ten boxes stacked in several piles up to her knees and that those boxes were brownish tan and unmarked. Pecko also pointed to video evidence showing Target employees carrying similar brown boxes and pulling a pallet full of brown boxes through the store around the time of Pecko's accident. As such, a jury could reasonably infer, without merely speculating, that Target was responsible for creating the condition at issue by placing and leaving the boxes that Pecko tripped on in the aisle. This is true even if, as Target argues, the boxes carried by Target employees in the video were not the exact boxes that Pecko tripped over. Because the issue of fact of whether Target created the condition is for the jury to decide, summary judgment is inappropriate.

### 3. Open and Obvious

Third, Target argues that, even if it created a dangerous condition, it was not obligated to exercise reasonable care because the condition was open and obvious. "Under South Carolina law, the owner of property owes no duty to use reasonable care to take precautions against or to warn guests of open and obvious dangers. In such situations, the guests themselves have a duty to discover and avoid the danger." Green v. United States, 105 F. App'x 515, 516 (4th Cir. 2004) (unpublished) (citing Neil v. Byrum, 343 S.E.2d 615, 616 (S.C. 1986)). "The entire basis of an invitor's liability rests upon his superior knowledge of the danger that causes the invitee's injuries. If that superior knowledge is lacking, as when the danger is obvious, the invitor cannot be held liable." H.P. Larimore v. Carolina Power & Light, 531 S.E.2d 535, 538 (S.C. Ct. App. 2000). However, "the open and obvious danger rule has an exception, where the premises owner should reasonably anticipate that invitees may be distracted or will not discover the danger." Hackworth v. United States, 366 F. Supp. 2d 326, 330 (D.S.C. 2005) (citing Callander v. Charleston Doughnut Corp., 406 S.E.2d 361, 362–63 (S.C. 1991)).

The court is not persuaded by Target's argument that Pecko has "not identified anything that obscured, blocked, or otherwise prohibited her view of the boxes," such that the condition was open and obvious as a matter of law. ECF No. 13 at 9. Pecko testified that she had just entered the aisle when she tripped, and two Target employees testified to the same effect. As already noted, Pecko further testified that the boxes she tripped over were on the floor, low to the ground, and "not in [her] line of sight." ECF No. 16-1 at 51. Based on this testimony, a jury could reasonably infer that Pecko's view of the boxes was

blocked by the aisle and thus not open and obvious.  See Gordon v. Pitney Bowes Mgmt. Servs., Inc., 942 N.Y.S.2d 155, 158 (N.Y. 2012) (finding that a plastic bin placed on the floor one step from the opening of plaintiff's cubicle was not open and obvious due to its proximity to plaintiff's cubicle opening, which allegedly obscured her line of sight). Pecko also testified that she was shopping and carrying various items in her hands at the time of the fall.  A reasonable jury could further find that Target should have reasonably anticipated that invitees like Pecko may be distracted by their shopping, such that the open and obvious danger rule does not apply.  Therefore, the court finds that a genuine issue of material fact exists as to whether the boxes Pecko tripped over were an open and obvious hazard.

Because a genuine dispute of material fact exists regarding whether the condition that allegedly caused Pecko's fall was dangerous, whether Target created the condition, and whether the condition was open and obvious, the court denies summary judgment with respect to the negligence claim.

### B.  Punitive Damages

Target additionally argues that there is no factual basis to support Pecko's claim for punitive damages.  Punitive damages are available when "the defendant's conduct was so reckless, willful, wanton, or malicious that the defendant should be punished and deterred by requiring him or her to pay money to the plaintiff."  Clark v. Cantrell, 529 S.E.2d 528, 534 (S.C. 2000).  "[P]unitive damages are recoverable for negligence so gross or reckless of consequences as to imply or to assume the nature of wantonness, willfulness or recklessness . . . ."  Bell v. Atl. Coast Line R. Co., 24 S.E.2d 177, 182 (S.C. 1943).  "In any civil action where punitive damages are claimed, the plaintiff has the

burden of proving such damages by clear and convincing evidence." S.C. Code Ann. § 15–33–135.

In her response, Pecko does not address Target's argument regarding punitive damages and points to no evidence to support her claim for punitive damages. The court likewise finds no evidence before it to support a finding of reckless, willful, wanton, or malicious conduct by Target. As such, the court grants summary judgment in favor of Target on Pecko's punitive damages claim.

## IV.   CONCLUSION

For the reasons set forth above, the court **GRANTS IN PART** and **DENIES IN PART** the motion for summary judgment. Summary judgment is denied on the negligence claim and granted in favor of Target on the punitive damages claim.

**AND IT IS SO ORDERED.**

     DAVID C. NORTON
     UNITED STATES DISTRICT JUDGE

**January 7, 2021**
**Charleston, South Carolina**